IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                 :
ALEXANDER S. LANGER                  :            3:11 CV 2005 (CSH)
                                                 :
v.                                                     :
                                                 :
ASTRO AUTOMOTIVE INC.                :            DATE: AUGUST 13, 2012
                                                 :
---------------------------------------------------------x

### RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT

On December 23, 2011, plaintiff Alexander S. Langer commenced this action pro se, after applying and interviewing for a job with defendant Astro Automobile, Inc., which job was subsequently given to the youngest applicant. (Dkt. #1).[1] Plaintiff asserts a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 et seq. (Id.). On May 15, 2012, plaintiff filed a Motion for Default Entry under Rule 55(a) of the Federal Rules of Civil Procedure, which motion was granted two days later. (Dkts. ##10-11). On May 22, 2012, counsel for defendant appeared (Dkt. #12) and filed the pending Motion to Set Aside Default, with brief and affidavit in support. (Dkts. ##14-16).[2] On May 23, 2012, plaintiff filed a Motion for Default Judgment under Rule 55(b)(Dkt. #17),[3] and six days later, defendant filed a brief in opposition. (Dkt. #20). On June 25, 2012, defendant filed its

---

[1] Plaintiff also filed a Motion to Proceed in forma pauperis (Dkt. #2), which motion was referred to this Magistrate Judge from Senior United States District Judge Charles S. Haight, Jr. on March 12, 2012. (Dkt. #6). The same day, plaintiff's Motion was granted. (Dkt. #7).

[2] Dkt. #16 is an affidavit of Daniel Carter, Regional Sales Manager of defendant, dated May 22, 2012 ["Carter Aff't"], attached to which are the documents served on defendant.

[3] Attached to plaintiff's motion is an affidavit of plaintiff, sworn to May 21, 2012.

Answer. (Dkt. #21). On July 16, 2012, plaintiff filed a Motion to Appoint Counsel. (Dkt. #22).[4]

For the reasons stated below, defendant's Motion to Set Aside Default (Dkt. #14) is <u>granted</u>; plaintiff's Motion for Default Judgment (Dkt. #17) is <u>denied without prejudice as moot</u>; and plaintiff's Motion to Appoint Counsel (Dkt. #22) is <u>denied without prejudice to renew.</u>

### I. DISCUSSION

#### A. MOTION TO SET ASIDE DEFAULT (Dkt. #14)

In this case, default entered pursuant to Rule 55(a) on May 17, 2012; therefore, "the factual allegations of the complaint, except those pertaining to damages, should ordinarily be taken as true, with any doubt being resolved in favor of the defaulting party." <u>Atlantic Recording Corp. v. Brennan</u>, 534 F. Supp. 2d 278, 280 (D. Conn. 2008)(internal quotations & citations omitted).

When the non-defaulting party moves for default judgment and the defaulting party moves to set aside the default pursuant to Rule 55(c), the Court's decision is guided by three considerations: "(1) the willfulness of default; (2) the existence of a meritorious defense; and (3) the possibility of prejudice to the plaintiffs should the default judgment be vacated." <u>Id.</u> at 280-81 (internal quotations & citations omitted). The Court's disposition of the present motion is also guided by the Second Circuit's preference for resolving disputes on the merits and "because defaults are generally disfavored and are reserved for rare occasions . . . ." <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 96 (2d Cir. 1993)(citations omitted), <u>see also</u> <u>Pecarsky v. Galaxiworld.com Ltd.</u>, 249 F.3d 167, 174 (2d Cir. 2001).

---

[4]These motions have been referred to this Magistrate Judge. (Dkt. #6).

First, the Court must consider whether the defendant's default was willful. The inquiry into willfulness has been characterized by the Second Circuit as a "subjective inquiry." Atlantic Recording Corp., 534 F. Supp. 2d at 281, citing Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). This subjective inquiry "effectively distinguishes those defaults that, though due to neglect, are excusable, from those that are not." Am. Alliance Ins. Co., 92 F.3d at 61 (footnote omitted).

Here, defendant asserts that its Motion to Set Aside is based upon "good cause" in that service of process was insufficient and improper. (Dkt. #20, at 1, 3). Specifically, defendant contends that service was made upon an employee who is a driver for defendant whose job duties were limited to driving a van, and who is not a "general agent of [d]efendant or otherwise authorized under the Federal Rules for services of process directed to a corporation." (Id. at 3; see Dkt. #15, at 3; Dkt. #16, Carter Aff't ¶ 2). Further, defendant claims that the documents did not include a summons or the first page of the Complaint. (Dkt. #16, Carter Aff't ¶ 4 & Exh.; Dkt. #15, at 3; Dkt. #20 , at 3). The delivery of this incomplete form for waiver of service of process was confusing to defendant, who had to consult counsel as to how to complete the form. (Dkt. #15, at 3). In the meantime, it was discovered that an Order of Default had entered against defendants. (Id.).

In Atlantic Recording Corp., Judge Arterton found that "[l]acking more information, the [d]efendant's failure to answer the complaint after proper service can be characterized as negligent at most, perhaps cutting slightly in favor of the [p]laintiffs, if at all." 534 F. Supp. 2d at 281 (emphasis added & citations omitted); see also Pascale v. Great Am. Ins. Co., No. 3:03 CV 1216 (RNC), 2004 WL 1149488, at *1 (D. Conn. May 20, 2004)("Defendant explains that its failure to respond to the complaint in a timely manner resulted from

3

carelessness or negligence, rather than a deliberate decision."). Conversely, default resulting from the <u>failure of proper service of process</u>, without evidence of a deliberate intent, cannot be characterized as willful. <u>See Atlantic Recording Corp.</u>, 534 F. Supp. 2d at 281. Thus, similar to <u>Atlantic Recording Corp.</u>, defendant's failure to respond to the Complaint after <u>improper</u> service does not rise above mere negligence, and therefore this first factor does not weigh in favor of the plaintiff.

The second factor the Court must consider is whether the defendant asserts a meritorious defense. "[T]his second factor does not demand a high showing." <u>Id.</u> "A possible defense is sufficient even if not ultimately persuasive at this stage, so long as there is something more than mere conclusory denials." <u>Id.</u> (internal quotations & citations omitted).

In its Motion To Set Aside Default, defendant denies "the allegations that it discriminated against [p]laintiff" based on age. (Dkt. #15, at 3). While simply claiming the existence of a valid defense does not constitute the assertion of a meritorious defense, defendant has been diligent in responding to this matter and has also retained counsel to appear and to present meritorious defenses against claims of age discrimination. (Dkt. #20, at 3). In its Answer to plaintiff's Complaint (Dkt #21), defendant denies the allegations of hiring a younger person for the job. (<u>Id.</u> at 4, ¶¶ 22-24). Defendant also denies that plaintiff met all of the qualifications for the position. (<u>Id.</u> ¶ 28). These additional assertions provide more than a "mere conclusory denial[]." <u>Atlantic Recording Corp</u>, 534 F. Supp. 2d at 281 (internal quotations & citation omitted). Given the low showing that is required, this factor weighs in favor of setting aside the default.

The final factor to be weighed is whether plaintiff will be prejudiced if entry of default

is set aside. This factor requires more than just delay of plaintiff's relief. Enron Oil Corp., 10 F.3d at 98 (citation omitted). Prejudice to the plaintiff can be shown if granting the Motion to Set Aside Default would "result in the loss of evidence, create increased difficulties of recovery, or provide opportunity for fraud and collusion." New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005)["Green"](internal quotations & citations omitted); Atlantic Recording Corp, 534 F. Supp. 2d at 282 (citation omitted).

In this case, plaintiff does not state how he would be prejudiced if default judgment was not granted. Plaintiff's relief has thus far been delayed only a few months, and "delay alone is not a sufficient basis for establishing prejudice." Green, 420 F.3d at 110 (internal quotations & citation omitted). Without a further showing of prejudice, this factor does not weigh in plaintiff's favor.

In light of the foregoing analysis, the three determinative factors weigh in favor of granting the defendant's Motion to Set Aside Default. This result is consistent with the Second Circuit's preference to decide cases on their merits and to reserve default judgment as a final sanction.

B. MOTION FOR DEFAULT JUDGMENT

In light of the conclusion reached is Section I.A. supra, plaintiff's Motion for Default Judgment (Dkt. #17) is granted without prejudice as moot.

C. MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "whether appointment of counsel is necessary rests with the discretion of the court," In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984)(citation omitted), and if the court determines that a plaintiff cannot afford

counsel, the court must then "determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied sub. nom. Hodge v. Colon, 502 U.S. 986 (1991).  Additionally, the Second Circuit has made clear that before an appointment of counsel is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  Id.

In this case, plaintiff has established that he is unable to afford counsel. (See Dkts. ##2, 7; see also Dkt. #22, at 2-3).  According to plaintiff, since the commencement of this case, he has contacted two attorneys, and Connecticut Legal Aid, who either charge too much or have refused to take his case. (Dkt. #22, at 4-5).

At this very early stage in this case, when defendant has just answered the Complaint, this Court is not in a position to determine whether plaintiff's Complaint possesses likely merit.  See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003), cert. denied, 504 U.S. 1195 (2004).  Furthermore, while plaintiff has contacted these attorneys and Legal Aid, such attempts were made in October 2011 and January 2012, and he has not informed the Court of continued attempts to secure counsel. (Dkt. #22, at 5).

Accordingly, plaintiff's Motion to Appoint Counsel (Dkt. #22) is denied without prejudice to renew at a later stage of this case.

## II. CONCLUSION

For the reasons stated above, defendant's Motion to Set Aside Default (Dkt. #14) is granted; plaintiff's Motion for Default Judgment (Dkt. #17) is denied as moot; and plaintiff's Motion to Appoint Counsel (Dkt. #22) is denied without prejudice to renew at a later stage of this case.

The parties are free to seek the district judge's review of this recommended ruling.

6

<u>See</u> 28 U.S.C. § 636(b)**(written objection to ruling must be filed within fourteen calendar days after service of same)**; F<small>ED</small>. R. C<small>IV</small>. P. 6(a) & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

    Dated at New Haven, Connecticut, this 13th day of August, 2012.

                                                      /s/ Joan G. Margolis, USMJ
                                                      Joan Glazer Margolis
                                                      United States Magistrate Judge